■ In the Matter of the TOWN OF BUTTERNUTS, Appellant, v DONALD R. DAVIDSEN, as Commissioner of the Department of Agriculture and Markets of the State of New York, Respondent. [686 NYS2d 239] —Graffeo, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 15, 1997 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding, *inter alia*, petitioner in violation of Agriculture and Markets Law § 305 (2) and § 305-a (1).

In an effort to reduce the use of commercial fertilizers on his cropland in the Town of Butternuts, Otsego County, Bruce Giuda sought to landspread restaurant and residential septage on 40 acres of his farmland. Working in conjunction with Giuda, in February 1996 Van Houten Contracting Services, Inc. applied for a septic tank cleaner and industrial waste collector permit from the State Department of Environmental Conservation (hereinafter DEC) to engage in the landspreading at Giuda's farm which lies within the Otsego County Agricultural District. DEC issued a negative declaration after its environmental assessment in April 1996 but approximately two months later, residents of the Town of Butternuts voiced environmental concerns at a Town meeting. DEC thereafter requested Van Houten to address certain issues raised by the Town.

Eventually, in August 1996, DEC issued a permit for the spreading of 400,000 tons per year of restaurant and household septage on Giuda's farmland. Nevertheless, the Town determined that the proposal was in violation of Local Law No. 2 of

1993 which prohibited the operation or maintenance of "dumps for the disposal of garbage and rubbish" in the Town. Giuda thereafter sought the assistance of the State Department of Agriculture and Markets regarding the dispute. At the conclusion of an investigation, which included a site visit, the Commissioner of Agriculture and Markets determined that the Town's Local Law was in contravention of Agriculture and Markets Law § 305 (2) and § 305-a (1) and directed the Town to amend its laws.

In July 1997 the Town filed a CPLR article 78 petition challenging the Commissioner's determination on the basis that respondent lacked authority to make its determination and that it was arbitrary and capricious. Supreme Court dismissed the petition and this appeal is addressed solely to the question of whether respondent was authorized by statute to declare the Town's Local Law in contravention of the Agriculture and Markets Law.

Petitioner argues that in order to enforce Agriculture and Markets Law § 305 (2) and § 305-a (1), the Commissioner was required to commence an action, rather than issue an order after an investigation. Pursuant to Agriculture and Markets Law § 305-a (1), local governments shall not unreasonably restrict or regulate farm operations within agriculture districts. Similarly, Agriculture and Markets Law § 305 (2) provides that local governments shall not enact local laws which would unreasonably restrict or regulate farm structures or farming practices. While Agriculture and Markets Law § 305 (2) provides that respondent may bring an action to enforce its provisions, Agriculture and Markets Law § 305-a (1) does not contain such a provision.[1] Agriculture and Markets Law § 36 (1) states that respondent may issue an order compelling compliance with a provision of the Agriculture and Markets Law or regulation of the Department of Agriculture and Markets after an investigation is conducted by respondent if it

---

1. Subsequent to the issuance of respondent's determination and order on June 18, 1997, Agriculture and Markets Law § 305 (2) was repealed, effective November 3, 1997, by the Laws of 1997 (ch 357, § 9). Section 11 of said chapter amended Agriculture and Markets Law § 305-a (1) to provide that the Commissioner upon his or her initiative, or upon the receipt of a complaint from a person within an agricultural district, may bring an action to enforce the provisions of this subdivision. We find, however, that the former versions of the statutes are applicable to this case since the amendments became effective after issuance of respondent's determination.

is determined that any person, association or corporation[2] has failed to comply with or is guilty of a violation of such provision or regulation. An order under Agriculture and Markets Law § 36 (1) is reviewable in the manner provided by CPLR article 78 (see, Agriculture and Markets Law § 37).

Here, respondent's directive was issued after an investigation and was, therefore, proper pursuant to Agriculture and Markets Law § 36 (1), especially since Agriculture and Markets Law § 305-a (1) did not contain a provision mandating the manner by which respondent was to seek enforcement of local government's compliance with its laws and rules regarding the regulation of farm operations. Based on the foregoing, we conclude that respondent properly relied on Agriculture and Markets Law § 36 (1) in its enforcement efforts and, therefore, we reject petitioner's contention that respondent was compelled to initiate a plenary action under the former provisions of Agriculture and Markets Law § 305-a (1).

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

**2.** Pursuant to General Construction Law § 65 (a) (1) and § 66 (1), (2), a municipality is deemed a corporation and, therefore, the Town of Butternuts is within the purview of Agriculture and Markets Law § 36 (1).