■ In the Matter of INTER-LAKES HEALTH, INC., et al., Appellants, v TOWN OF TICONDEROGA TOWN BOARD et al., Respondents. [786 NYS2d 643]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Dawson, J.), entered November 25, 2003 in Essex County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to declare the adoption of Local Law No. 3 (2003) of the Town of Ticonderoga null and void.

Respondents Bruce Crammond and Karen Crammond own several hundred acres of real property that is located in the Town of Ticonderoga, Essex County and included in Essex County Agricultural District No. 7. That district was created in 1982 and recertified in 1991. Since 1972, a small portion of the Crammonds' land has been zoned "medium density residential" pursuant to the Town's zoning ordinance, which prohibits farming and farming-related activities on land in that zoning classification. Upon the Crammonds' request that the Department of Agriculture and Markets review the Town's zoning ordinance for consistency with state law, the Department informed the Town that the ordinance appeared to conflict with Agriculture and Markets Law article 25-AA, pursuant to which the agricultural district was created. Following a public hearing, Local Law No. 3 (2003) of the Town of Ticonderoga (hereinafter the local law) was adopted amending the zoning ordinance to permit

farm operations within agricultural districts.* In enacting the local law, respondent Town of Ticonderoga Town Board recognized that its zoning code conflicted with Agriculture and Markets Law article 25-AA insofar as it prohibited farm operations in agricultural districts and stated that the local law was adopted to bring the code into compliance with article 25-AA.

Thereafter, petitioners, neighbors of the Crammonds, commenced this combined CPLR article 78 proceeding and declaratory judgment action, asserting that the local law was illegally enacted and that the Agriculture and Markets Law was not intended to preempt local zoning ordinances that predated the creation of a particular agricultural district. Supreme Court ultimately dismissed the petition. The court concluded that Agriculture and Markets Law article 25-AA supercedes any local zoning provisions and the Town Board did not act ultra vires. Petitioners appeal and we now affirm.

Agriculture and Markets Law § 305-a (1) (a) provides: "Local governments, when exercising their powers to enact and administer comprehensive plans and local laws, ordinances, rules or regulations, shall exercise these powers in such manner as may realize the policy and goals set forth in this article, and shall not unreasonably restrict or regulate farm operations within agricultural districts in contravention of the purposes of this article unless it can be shown that the public health or safety is threatened." Agriculture and Markets Law article 25-AA, which includes section 305-a (1) (a), was enacted upon a finding that " 'many of the agricultural lands in New York state are in jeopardy of being lost for any agricultural purposes' due to local land use regulations inhibiting farming, as well as various other deleterious side effects resulting from the extension of nonagricultural development into farm areas" (*Town of Lysander v Hafner*, 96 NY2d 558, 563 [2001], quoting Agriculture and Markets Law § 300). Thus, where a municipality seeks to administer a zoning ordinance in a manner that is in conflict with the policy objectives of article 25-AA—by, for example, denying a building permit for mobile homes to be used to house migrant farm workers pursuant to its zoning code—the zoning ordinance is superceded by Agriculture and Markets Law § 305-a (1) (a) (*see Town of Lysander v Hafner, supra* at 564-

---

* Specifically, the local law provides: "Notwithstanding any other provision of this Ordinance, 'farm operations' as defined in article 25-AA of the New York State Agriculture and Markets Law, shall be a permitted principal use in all areas located within an agricultural district adopted by the County of Essex and certified by the Commissioner of Agriculture pursuant to said [a]rticle 25-AA, regardless of what zoning district[s] such areas are located within. This provision shall supersede any conflicting provision of this Ordinance."

565). Contrary to petitioners' argument, there is nothing in the statute which exempts from its reach zoning ordinances enacted prior to the creation of a particular agricultural district. Instead, on its face, section 305-a (1) (a) directs municipalities to exercise their power to administer—in addition to their power to enact—zoning provisions in a manner that does not unreasonably restrict or regulate farming operations within agricultural districts.

Our reading of the statute is supported by the legislative history, which, if relevant, " 'is not to be ignored, even if [the] words [of a statute] be clear' " (*Riley v County of Broome*, 95 NY2d 455, 463 [2000], quoting McKinney's Cons Laws of NY, Book 1, Statutes § 124, at 252). As originally enacted, Agriculture and Markets Law article 25-AA prohibited only the enactment of local laws and ordinances that unduly infringed upon farming operations (*see* L 1971, ch 479, § 1). The statute has since been amended, most recently in 1997, to include a prohibition on administering local laws in a manner that would unreasonably restrict farming (*see* L 1997, ch 357, §§ 9, 11; L 1992, ch 534, § 3). These latter modifications were intended to "correct technical errors and to *strengthen*—not limit—the protections against unreasonably restrictive local laws and ordinances" (*Town of Lysander v Hafner, supra* at 564). Particularly relevant here, the Senate Memorandum in Support of the 1997 modification indicates that it was intended to eliminate "the weakness inherent in [the previous version of the statute] which precludes the Department [of Agriculture and Markets] from intervening in cases *where the restrictive law or regulation was enacted prior to the creation of the agricultural district*" (Senate Mem in Support, Bill Jacket, L 1997, ch 357, at 13-14 [emphasis added]). This statement directly contradicts petitioners' argument that Agriculture and Markets Law § 305-a (1) (a) was not intended to supercede zoning ordinances or comprehensive zoning plans that existed prior to the creation of an agricultural district.

Finally, we note that our interpretation is in accord with that of the Commissioner of Agriculture and Markets, whose view of the application of the statute is entitled to deference (*see Town of Lysander v Hafner, supra* at 564). Appearing as amicus curiae on this appeal, the Commissioner concludes that the prohibition on agricultural uses of the land at issue in the Town's zoning ordinance, prior to its amendment, unreasonably restricted farm operations under Agriculture and Markets Law § 305-a (1) (a). Moreover, in the Commissioner's view, section 305-a (1) (a) applies to a local government's administration of its laws and

regulations regardless of whether those provisions were enacted prior to the creation of an agricultural district. In light of the foregoing, we agree with Supreme Court that the Town Board's enactment of the local law was in compliance with section 305-a (1) (a) and petitioners are not entitled to a judgment declaring the local law to be invalid on the ground that it is inconsistent with state law.

We have considered petitioners' numerous procedural challenges to the enactment of the local law and conclude that they are either not properly before this Court or otherwise lacking in merit.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.