■ In the Matter of VILLAGE OF LACONA, Appellant, v NEW YORK STATE DEPARTMENT OF AGRICULTURE AND MARKETS et al., Respondents. [858 NYS2d 833]—

Cardona, P.J. Appeal from an amended judgment of the Supreme Court (Sackett, J.), entered February 21, 2007 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, to review a determination of respondent Department of Agriculture and Markets finding that Local Law No. 3 (2002) of Village of Lacona was unreasonably restrictive.

Concerned with the protection of its water supply, petitioner enacted Local Law No. 4 (2000) of theVillage of Lacona which, among other things, prohibited the use of liquified manure on property, including farmsteads, located within the Village of Lacona, Oswego County. Respondent Department of Agriculture and Markets (hereinafter the Department) found that law to be in violation of Agriculture and Markets Law § 305-a* because it "unreasonably restrict[ed] . . . farm operations." Accordingly, petitioner repealed that law and began drafting a new proposed Local Law. In doing so, the Department worked with petitioner, respondent Department of Environmental Conservation and the Department of Health in an attempt to resolve perceived

---

* As relevant herein, Agriculture and Markets Law § 305-a (1) (a) provides: "Local governments, when exercising their powers to enact and administer comprehensive plans and local laws, ordinances, rules or regulations, . . . shall not unreasonably restrict or regulate farm operations within agricultural districts in contravention of the purposes of this article unless it can be shown that the public health or safety is threatened."

problems with the restrictions that Local Law No. 4 placed upon farm operations. Despite various concerns from the state agencies, petitioner enacted Local Law No. 3 (2002) without any substantial revisions. Among other things, Local Law No. 3 purported to regulate field applications of nutrients, including fertilizers and manure, on the soils in the recharge area over petitioner's water supply aquifer. It also required farmstead operators within that area to apply to petitioner for approval of their plan to address farming operations such as the housing and feeding of animals, the storage of crops and feed, the storage and handling of fertilizer and manure and the mixing, handling and storage of pesticides. The law further imposed specific requirements for the field application of nutrients and provided petitioner with the right to review the use of pesticides in the recharge area. Additionally, Local Law No. 3, along with providing for civil and criminal penalties for noncompliance, imposed a $250 fee on the farmstead operator to defray petitioner's cost of reviewing the field application plan and pesticide use records.

Respondents Timothy Alford and Renee Alford contacted the Department and requested a formal review of Local Law No. 3, asserting that it placed an undue financial and regulatory burden on their farmstead. Following such review, the Commissioner of Agriculture and Markets ordered, in March 2006, petitioner to abstain from applying Local Law No. 3 to any farms located within a state-certified agricultural district "insofar as such law has been found to be unreasonably restrictive." Petitioner then commenced the instant combined CPLR article 78 proceeding and declaratory judgment action seeking review of that order. Supreme Court, among other things, upheld the March 2006 order and also declared that the provisions in Local Law No. 3 authorizing petitioner to review records of pesticide use were preempted by ECL article 33. The court dismissed the petition, prompting this appeal.

Initially, we conclude that Supreme Court correctly held that ECL article 33 preempts the pesticide provisions in Local Law No. 3. Significantly, the Commissioner of Environmental Conservation has exclusive "[j]urisdiction in all matters pertaining to the distribution, sale, use and transportation of pesticides" (ECL 33-0303 [1]). Such exclusive jurisdiction reveals the state's intent to occupy the field where matters of pesticide use and control are concerned (see generally Matter of Ames v Smoot, 98 AD2d 216 [1983], appeal dismissed 62 NY2d 804 [1984]). Where the state enacts a comprehensive regulatory scheme that implicitly occupies a field such as pesticide use and control, it

must supercede any local regulation pursuant to the preemption doctrine (*see Albany Area Bldrs. Assn. v Town of Guilderland,* 74 NY2d 372, 377-378 [1989]; *Matter of Ames v Smoot,* 98 AD2d at 218). Here, ECL article 33 strives to conform with pesticide laws established by other states and the federal government and provides that the Commissioner of Environmental Conservation "may cooperate" with any other agency or political subdivision "for the purpose of carrying out the provisions of this article and of securing uniformity of regulations" (ECL 33-0303 [6], [4]). Accordingly, Supreme Court correctly determined that Local Law No. 3 was an attempt by petitioner to regulate pesticide use and, therefore, was invalid to the extent that it had been preempted by state statute.

Next, we do not agree that the March 2006 determination was arbitrary and capricious. Clearly, where local governments enact laws which "unreasonably restrict or regulate farm operations within agricultural districts" and cannot demonstrate that such ordinance is necessary to preserve the public health and safety, the Department and its Commissioner are vested with the authority to take action against such local laws (Agriculture and Markets Law § 305-a [1] [a]; *see Matter of Inter-Lakes Health, Inc. v Town of Ticonderoga Town Bd.,* 13 AD3d 846, 847-848 [2004]).

Here, petitioner's proof did not establish that Local Law No. 3 was necessary to address any threat posed to its water supply by the application of liquid manure in the subject area. Notably, petitioner submitted studies and a report from its consultant expressing concern that, although "the practice of manure application has been safely employed in the past without significant environmental detriment," proposed manure usage in watershed areas could endanger public drinking water supplies. However, after reviewing this information, the Department of Health disagreed, noting that, for example, the amounts of liquid manure necessary for the Alfords' farm would not pose any public health risk and the "farm had operated previously with minimal impact on [petitioner's] wells." Moreover, the Department concluded that the compliance of farms with the general permit regulations already in place would sufficiently address any public health and safety concerns related to the application of liquid manure. Given this and other proof in the record and according deference to the Department's interpretation and application of Agriculture and Markets Law § 305-a, we conclude that the determination that various provisions of Local Law No. 3 were unreasonably restrictive in violation of the statute was rational and need not be disturbed (*see Town of Lysander v*

*Hafner*, 96 NY2d 558, 564-565 [2001]; *Matter of Inter-Lakes Health, Inc. v Town of Ticonderoga Town Bd.*, 13 AD3d at 848).

Petitioner's remaining arguments, including its claim that Supreme Court improperly excluded from its review evidence submitted after the administrative record had been closed (*see Matter of Lippman v Public Empl. Relations Bd.*, 296 AD2d 199, 203 [2002], *lv denied* 99 NY2d 503 [2002]), have been examined and found unpersuasive.

Carpinello, Rose, Malone Jr. and Stein, JJ., concur. Ordered that the amended judgment is affirmed, without costs.