Mercure, J.P.
*1062 The underlying facts are more fully set forth in our prior decision affirming an order of Supreme Court that held defendants in civil and criminal contempt based upon their violation of a temporary restraining order (hereinafter TRO) issued in this action (Town of Copake v 13 Lackawanna Props., LLC, 73 AD3d 1308 [2010]; see also Matter of Cascino v Judges of the Albany County Ct., 95 AD3d 1458 [2012]). Plaintiff seeks to enjoin defendants from violating its local land use laws. The TRO prohibited construction, excavation and depositing of materials on defendants’ 310-acre farm located in the Town of Copake, Columbia County,[1] except for limited activity in connection with farming and actions necessary to comply with an unrelated consent decree requiring wetlands restoration.
The action ultimately proceeded to trial, at the close of which Supreme Court concluded that defendants had violated Code of Town of Copake §§ 129-9 and 232-7 and chapter 194, which relate to construction undertaken without required building permits, dumping of solid waste and unauthorized use of the property — here, depositing solid waste, operating a recycling business, and unauthorized storage of commercial equipment and construction materials. The court further held that defendants created a public nuisance, and violated a 2003 stipulation, which was entered into between the parties in a prior action and required defendants both to obtain a permit from plaintiff prior to commencing any construction on the property and to use the parcel solely for agriculture. Thereafter, the court issued judgment permanently enjoining defendants from engaging in unauthorized uses of the property and violations of the Town Code, as well as directing defendants to undertake various remedial measures, including the removal of at least 150,000 cubic yards of fill material. Defendants appeal, and we now affirm with certain modifications.
Initially, we reject defendants’ argument that Supreme Court abused its discretion in directing the removal of 150,000 yards of fill. Contrary to defendants’ assertion that the depositing of the fill was not in violation of the Town Code, chapter 194 of that statute provides that “[n]o person shall cause to be dumped, deposited or thrown any solid waste” on land within the Town (Code of Town of Copake § 194-3). The definition of solid waste encompasses “dust and dirt, rock, concrete or other materials, including earth wastes from building operations” and “construction debris” such as “scrap lumber, metal, earth, sand, *1063 brick, stone, plaster, roofing and siding material or other debris of a similar nature which accumulates or is incidental to the construction or renovation of homes, buildings, public works or other projects” (Code of Town of Copake § 194-2 [B], [C]). In our view, Supreme Court properly concluded that defendants violated chapter 194 by depositing solid waste on the premises, including dirt, rebar, rock, concrete, asphalt, bricks, plastic bags and bottles, and leaves.
Defendant Salvatore Cascino admitted that he brought “dead dirt” — which was derived from excavation, construction and public works projects located in and around New York City — to the property without applying for a permit, and that he intended to bring a million yards of that fill material to the property. The testimony and photographs of a neighboring landowner, the zoning enforcement officer and a wildlife biologist employed by the Department of Environmental Conservation demonstrated that defendants also deposited garbage, plastic bags, glass, concrete, bricks, cement blocks, tile and rebar. The neighboring landowner further testified that he saw defendants’ personnel use bulldozers to level out the material and then cover it with topsoil or finer graded, ground-up material. Defendants then tried to plant corn, which reached only one quarter of the height of the corn grown on the uncontaminated soil on the farm. A truck driver employed by defendant Copake Valley Farm, LLC further testified that he hauled dirt, concrete, stone and brick from the Bronx and dumped the material on the premises.
Although Cascino testified in a conclusory fashion that defendants spread the material to improve the land for farming, and defendants now rely upon that testimony in arguing that Supreme Court’s order unreasonably restricts their farming operations under Agriculture and Markets Law § 305-a (see generally Town of Lysander v Hafner, 96 NY2d 558, 561-563 [2001]; Matter of Inter-Lakes Health, Inc. v Town of Ticonderoga Town Bd., 13 AD3d 846, 847-848 [2004]), we defer to Supreme Court’s rejection of this testimony as lacking credibility (see Town of Caroga v Herms, 62 AD3d 1121, 1125 [2009], lv denied 13 NY3d 708 [2009]).[2] Nor is there merit to defendants’ contention that plaintiff should be equitably estopped from seeking an order directing removal of the fill material because, defendants allege, *1064 plaintiff’s building inspector witnessed the deposit of the fill and failed to take action to stop it. Defendants’ claim in this regard is belied by the 2005 stop-work order contained in the record; that order prohibited the dumping of construction and demolition debris under Code of Town of Copake §§ 194-2 (C) and 194-3. Even accepting defendants’ argument that they deposited only “dead dirt” derived from construction, excavation and public works projects, such “earth” is within the definition of “construction debris” contained within section 194-2 (C), as defendants could have discovered by exercising reasonable diligence (see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 282 [1988], appeal dismissed and cert denied 488 US 801 [1988]; Matter of Clear Channel Outdoor, Inc. v Town Bd. of Town of Windham, 9 AD3d 802, 804 [2004]). In any event, defendants have failed to make the required showing of “fraud, misrepresentation, deception, or similar affirmative misconduct, along with reasonable reliance thereon” necessary to apply the doctrine of equitable estoppel against a municipality (Stone Bridge Farms, Inc. v County of Columbia, 88 AD3d 1209, 1212 [2011] [internal quotation marks and citation omitted]; see Matter of Village of Fleischmanns [Delaware Natl. Bank of Delhi], 77 AD3d 1146, 1148-1149 [2010]).
Turning to the equitable remedy ordered by Supreme Court, given plaintiffs issuance of the stop-work order and defendants’ persistent, willful disregard of prior court orders and their attempts to frustrate plaintiffs enforcement of its local land use regulations, Supreme Court properly directed the removal of at least 150,000 cubic yards of fill material (73 AD3d at 1309-1310; see Town of Caroga v Herms, 62 AD3d at 1125-1126; Beneke v Town of Santa Clara, 45 AD3d 1164, 1164 [2007], lv denied 10 NY3d 706 [2008]; Matter of Massa v City of Kingston, 284 AD2d 836, 839 [2001], lv denied 97 NY2d 603 [2001]). Similarly, the court did not abuse its discretion in directing the removal of the steel bridge, stone wall and alterations to the farm stand given Cascino’s admission that defendants failed to obtain building permits for those projects, as required by Code of Town of Copake § 129-9. Defendants’ conduct in this regard also violated the 2003 stipulation requiring them to obtain a permit from plaintiff prior to commencing any construction, and the construction of the stone wall and alterations to the farm stand were made in violation of the TRO (73 AD3d at 1309-1310). Indeed, the order that we affirmed finding defendants in contempt, which was based upon defendants’ violation of the TRO, directed the removal of the stone wall (id. at 1309), and defendants previously admitted in a 2007 consent decree settling an action brought against them by the Department of *1065 Environmental Conservation that they built the bridge “in violation of [ECL a]rticle 15.”
We agree with defendants, however, that Supreme Court erred in finding a violation of Code of Town of Copake § 129-9 based upon defendants enlarging the existing farm road on the premises. Plaintiff failed to demonstrate that the farm road is a “structure” within the meaning of the Town Code or that a permit for widening the road was required under the Town Code. Thus, that portion of the court’s order directing defendants to restore the farm road to its previous condition must be reversed. Finally, certain excavation and repair activities do not require permits (see Code of Town of Copake §§ 129-9 [A]; 232-9 [B] [2]), and plaintiff concedes that the court’s order should be read to permit construction and excavation activities in furtherance of farming operations so long as building permits are obtained when “necessary as required by the Town Code.” In addition, plaintiff concedes that the injunction should not be read as prohibiting defendants’ use of the garage on the premises for the storage of farm equipment or the use of the property for lawful agricultural activities. Accordingly, we further modify the injunction to clarify that such uses are permitted.
Defendants’ remaining arguments are either unpreserved or, upon consideration, have been found to lack merit.
Rose, Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reversing so much thereof as directed defendants to restore the “farm road” to its preexisting condition and by clarifying that defendants are not enjoined from (1) performing any construction or excavation on the premises that does not require a permit pursuant to the Code of Town of Copake, (2) engaging in agricultural enterprises, and (3) using the garage for the maintenance, repair and storage of farm equipment, and, as so modified, affirmed.

, Defendant Copake Valley Farm, LLC is a registered hauler of solid waste; defendant Salvatore Cascino is also the owner of Bronx County Recycling, which recycles excavation materials.

. In addition, we note that the cases relied upon by defendants in support of this argument are distinguishable because defendants failed to obtain an opinion from the Commissioner of Agriculture and Markets regarding whether plaintiff’s administration of its local land use regulations unreasonably restricted its farm operations (see Town of Lysander v Hafner, 96 NY2d at 563-565; Matter of Inter-Lakes Health, Inc. v Town of Ticonderoga Town Bd., 13 AD3d at 846).