Matter of Ball v Town of Ballston (2019 NY Slip Op 04519)





Matter of Ball v Town of Ballston


2019 NY Slip Op 04519


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

526667

[*1]In the Matter of RICHARD A. BALL, as Commissioner of Agriculture and Markets, Appellant- Respondent,
v
TOWN OF BALLSTON et al., Respondents, and THOMAS J. BENUSCAK et al., Respondents- Appellants.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for appellant-respondent.
Law Offices of James Walsh, Ballston Spa (James Walsh of counsel), for respondents.
Tabner, Ryan & Keniry, LLP, Albany (Brian M. Quinn of counsel), for Thomas J. Benuscak and another, respondents-appellants.
Stockli Slevin, LLP, Albany (Mary Elizabeth Slevin of counsel), for Katz Construction & Excavation, LLC, respondent-appellant.
Morgan S. Ruthman, Delmar, for The Spinney at Ballston Lake, LLC, respondent-appellant.
Elizabeth C. Dribusch, New York Farm Bureau, Inc., Albany, for New York Farm Bureau, Inc., amicus curiae.



MEMORANDUM AND ORDER
Devine, J.
Cross appeals from an order and judgment of the Supreme Court (Buchanan, J.), entered April 24, 2018 in Saratoga County, which, among other things, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, (1) dismissed petitioner's application to compel respondent Town of Ballston to enforce, among other things, the terms of the Town's prior resolution regarding connections to the public water source in the Town, and (2) declared that respondents Thomas J. Benuscak, Katz Construction & Excavation, LLC and The Spinney and Ballston Lake, LLC were required to comply with certain notice requirements of the Agriculture and Markets Law.
Portions of the Town of Ballston, Saratoga County lie within Saratoga County Agricultural District No. 2 and are thereby subject to the provisions of Agriculture and Markets Law article 25-AA. In 2004, respondent Town of Ballston (hereinafter the Town) sought to extend a water main (hereinafter Extension No. 14) within the agricultural district and notified petitioner of the potential adverse agricultural impacts of Extension No. 14 as required by Agriculture and Markets Law § 305 (4). To address concerns that the access to public water supply would damage agricultural uses in the area, the Town Board of the Town of Ballston (hereinafter Town Board) adopted a resolution (hereinafter the 2004 resolution) "limit[ing] lateral connections [to Extension No. 14] . . . to agricultural related uses and existing non-agricultural uses." Petitioner relied in part upon the 2004 resolution to determine that Extension No. 14 would not "have an unreasonably adverse effect on the continuing viability of a farm enterprise or enterprises within the district, or state environmental plans, policies and objectives" (Agriculture and Markets Law § 305 [4] [e]).[FN1]
Water districts in the area were thereafter consolidated, but the legal obligations of the original district remained binding (see General Municipal Law § 768 [3]). In 2016, the Town Board passed a resolution (hereinafter the 2016 resolution) allowing a lateral connection from a new residential subdivision to Extension No. 14. Petitioner was alerted to these developments and, following an investigation, issued a determination finding that the authorized connection violated the 2004 resolution and directing the Town to desist from permitting such connections to Extension No. 14 unless the relevant land was removed from the agricultural district. The Town neither challenged that determination nor obeyed it, prompting petitioner to commence this combined CPLR article 78 proceeding and declaratory judgment action to enforce the 2004 resolution and the determination directing compliance with it.
Respondents Thomas J. Benuscak, Katz Construction & Excavation, LLC and The Spinney at Ballston Lake, LLC (hereinafter collectively referred to as the developers) successfully moved to intervene in this matter upon the ground that they have property interests that would be impacted should petitioner succeed in barring lateral connections from newer developments to either Extension No. 14 or another water main with similar use restrictions. Supreme Court then dismissed the petition/complaint determining, as is relevant here, that petitioner lacked authority to enforce the restrictions on municipal water use imposed by the 2004 resolution. Petitioner appeals and the developers cross-appeal.
Contrary to petitioner's contention, Supreme Court did not abuse its discretion in permitting the developers to intervene. Petitioner may well be correct that the developers do not have standing to bring suit to challenge his determination, but "[t]he bases for permissive intervention are broader than they are for standing to originate the proceeding" (O'Brien v Barnes Bldg. Co., 85 Misc 2d 424, 439 [Sup Ct, Suffolk County 1974], affd without opinion 48 AD2d 1018 [1975]). The developers have property interests that will be impacted should petitioner succeed — either because they have been permitted to connect to Extension No. 14 by the Town Board or because the outcome here will affect their efforts to connect to another water main in the agricultural district — and all share the view of the Town and respondent Town Supervisor that petitioner lacks authority to enforce restrictions on water main access that the Town Board later attempts to vitiate. In our view, this is sufficient to render them "interested persons" who can at least intervene with regard to that portion of the petition/complaint founded upon CPLR article 78 (CPLR 7802 [d]; see Matter of Bernstein v Feiner, 43 AD3d 1161, 1162 [2007]; Matter of Tennessee Gas Pipeline Co. v Town of Chatham Bd. of Assessors, 239 AD2d 831, 832 [1997]; Matter of Jonas v Town of Colonie, 110 AD2d 945, 946 [1985]; compare Matter of Pace-O-Matic, Inc. v New York State Liq. Auth., 72 AD3d 1144, 1145 [2010]).
Turning to the merits, we reverse. We first reject respondents' efforts to inject irrelevant facts and arguments about a separate determination by petitioner — dealing with a different Town Board resolution restricting lateral connections to another water main in the agricultural district — that have no relation to the relief sought in the petition/complaint and are not the subject of any counterclaim. As for the determination ordering compliance with the 2004 resolution, it became final and binding upon the Town in the absence of any challenge to it (see Agriculture and Markets Law §§ 36 [6]; 37). Petitioner is therefore entitled to enforcement unless respondents stage a proper collateral attack upon the determination as jurisdictionally or constitutionally deficient, and we limit our discussion to the contentions that arguably fall within those categories (see Matter of Public Serv. Commn. of State of N.Y. v Rochester Tel. Corp., 55 NY2d 320, 325-326 [1982]; Matter of Foy v Schechter, 1 NY2d 604, 612 [1956]; Matter of Neroni v Granis, 121 AD3d 1312, 1314 [2014], appeal dismissed 25 NY3d 957 [2015]).
A local government enjoys broad autonomy under "the 'home rule' provision of the New York Constitution," but that autonomy does not extend to actions "that conflict with the State Constitution or any general law" (Matter of Wallach v Town of Dryden, 23 NY3d 728, 742, 743 [2014]; see NY Const, art IX, § 2 [c] [ii]; Municipal Home Rule Law § 10 [1]). Among the general laws of New York is Agriculture and Markets Law article 25-AA, which "was enacted upon a finding that many of the agricultural lands in New York state are in jeopardy of being lost for any agricultural purposes due to local land use regulations inhibiting farming, as well as various other deleterious side effects resulting from the extension of nonagricultural development into farm areas" (Matter of Inter-Lakes Health, Inc. v Town of Ticonderoga Town Bd., 13 AD3d 846, 847 [2004] [internal quotation marks and citations omitted]; see Town of Lysander v Hafner, 96 NY2d 558, 563 [2001]; Matter of Village of Lacona v New York State Dept. of Agric. & Mkts., 51 AD3d 1319, 1321 [2008]). Agriculture and Markets Law article 25-AA is not aspirational; the Town is required to "exercise [its] powers in such manner as may realize the policy and goals" of the law (Agriculture and Markets Law § 305-a [1] [a]). The Town complied with the law when it gave petitioner notice of its intent to place a water main in an agricultural district, discussed the "adverse agricultural effects [of the proposed action] which cannot be avoided," and adopted the 2004 resolution to restrict lateral connections and "minimize the adverse impact of the proposed action on the continuing viability of a farm enterprise or enterprises within the district" (Agriculture and Markets Law § 305 [4] [b])[FN2]. Petitioner determined that the proposed project passed muster in part because the "mitigation measure[] proposed" in the 2004 resolution was acceptable, and the statute explicitly authorizes him to "bring an action to enforce" the mitigation measure under those circumstances (Agriculture and Markets Law § 305 [4] [j]).
Even if the text of Agriculture and Markets Law § 305 (4) (j) was unclear — which it is not — the legislative history confirms that the provision was added to grant petitioner authority "to enforce mitigation measures proposed by sponsors to minimize or avoid the adverse impacts associated with their projects" (Sponsor's Mem, Bill Jacket, L 1997, ch 357, at 14). Supreme Court erred in imposing a time limit upon that power that is absent from the statutory text and runs counter to the statutory and public policy goal of protecting land within agricultural districts from ongoing threats, such as nonagricultural development (see Agriculture and Markets Law § 300; Town of Lysander v Hafner, 96 NY2d at 563; see also McKinney's Cons Laws of New York, Book 1, Statutes § 152). Moreover, inasmuch as the statutory text makes clear that the 2004 resolution was binding and enforceable, a later Town Board was powerless to disregard it (see Matter of Karedes v Colella, 100 NY2d 45, 50 [2003]; Matter of La Barbera v Town of Woodstock, 29 AD3d 1054, 1056 [2006], lv dismissed 7 NY3d 844 [2006]). Petitioner was [*2]accordingly within his rights to order the Town to comply with the 2004 resolution following an investigation and, upon the Town's failure to seek review of his determination and refusal to comply with it, commence the present enforcement litigation (see Agriculture and Markets Law §§ 36 [1]; 305 [4] [j]; see e.g. Matter of Town of Butternuts v Davidsen, 259 AD2d 886, 887-888 [1999]). Thus, petitioner is entitled to the relief he seeks.
The parties' remaining contentions, to the extent that they are properly before us, have been examined and rejected.
Lynch, J.P., Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the order and judgment is reversed, on the law, without costs, petition/complaint granted and it is declared that respondent Town of Ballston is bound by the mitigation undertaking adopted by Town Board of the Town of Ballston Resolution 04-06.



Footnotes

Footnote 1: Agriculture and Markets Law § 305 (4) was amended in 2016 to, among other things, eliminate a subdivision requiring preliminary notice of intent of a project, and other subdivisions were relettered as a result (see L 2016, ch 35, §§ 13, 14, 15). The changes did not alter the pertinent language, however, and we cite the statute in its current form unless otherwise indicated.

Footnote 2: Notwithstanding respondents' sophistry, the Town committed itself in the 2004 resolution to limiting lateral connections to Extension No. 14 regardless of who was footing the bill to build one. Similarly, although private projects are not subject to the provisions of Agriculture and Markets Law § 305 (4) — and Supreme Court erred in treating them as though they were — this misses the point that petitioner is seeking to enforce a mitigation measure adopted as part of a project that was subject to said provisions.