■ In the Matter of ARNOLD CARLSON, Respondent, v. EMIL M. PODEYN et al., Constituting the Board of Assessment of Nassau County, Appellants.— In a proceeding to adjudge in contempt the members of the Assessment Board of Nassau County, by reason of their failure to comply with a prior order of the Supreme Court, Nassau County, dated July 22, 1959, made in a proceeding under article 78 of the Civil Practice Act, directing them, by October 1, 1959, pursuant to section 603 of the County Government Law of Nassau County, to adopt such rules for the guidance of the county's deputy assessors in the performance of their duties "as will establish an equitable and scientific system of assessing property for taxation," to publish such rules and to make them available to the county taxpayers, said board members appeal from an order of said court, dated March 17, 1960, granting the petition, adjudging them in contempt for violating said prior order, and giving them 45 days to purge themselves by adopting revised regulations, publishing them and making them available. Order reversed, on the law and the facts, with costs, and application to adjudge said board members in contempt denied, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. As punishment for contempt may involve not only loss of property but loss of liberty as well, it is a reasonable requirement that the mandate

alleged to be violated should be clearly expressed, and, when applied to the act complained of, it should appear with reasonable certainty that it had been violated (*Ketchum* v. *Edwards,* 153 N. Y. 534, 539). Here, the mandate or order of July 22, 1959, alleged to have been violated, except insofar as it directed the board members to adopt rules and regulations, to publish them and to make them available to taxpayers, is too vague and indefinite to furnish the basis for a contempt proceeding (cf. *Adams* v. *Adams,* 179 App. Div. 152). If it be assumed, however, that the direction to adopt such rules and regulations " as will establish an equitable and scientific system of assessing property for taxation " may be enforced in such a proceeding, it does not appear from the record submitted that the board members have not adopted such rules and have not published and made them available, as required by the provisions of the said order. Nolan, P. J., Christ and Pette, JJ., concur; Beldock and Kleinfeld, JJ., dissent and vote to affirm on the opinion of the Justice at Special Term (*Matter of Carlson* v. *Podeyn,* 24 Misc 2d 317).