■ LAWRENCE D. COAN et al., Respondents, v MAUREEN A. COAN, Appellant, et al., Defendants. — In an action to quiet title to real property, defendant Maureen A. Coan appeals from so much of an order of the Supreme Court, Orange County (Isseks, J.), dated July 9, 1981, as found her guilty of contempt of court and ordered her to pay $250, with leave to purge herself if she complied with the terms of a stipulation dated November 2, 1978. Order affirmed insofar as appealed from, without costs or disbursements. The court proceedings and other events disclosed by the record on this appeal establish the following: On November 2, 1978 a stipulation in this action was entered into before Justice Sweeny in the absence of Sigmund S. Weitzman, Esq., attorney for the defendants Turner. The stipulation, which was placed on the record by Gilbert Rashbaum, Esq., then the attorney for the defendant-appellant, together with an order of Justice Sweeny dated May 21, 1979, are the subjects of the within appeal. After the attorney for the appellant completed the presentation of the

stipulation, and all attorneys, except the absent counsel Weitzman, stipulated and consented to the terms of the stipulation, the appellant, on the record, confirmed her understanding of, and agreement with, the stipulation. Mr. Weitzman, by letter dated November 17, 1978, addressed to Justice Sweeny, informed the court that the terms of the stipulation included in·the court record of November 2, 1978 modified the essence of the agreement between counsel present on November 1, 1978 and that the stipulation was "unfair, unreasonable and overreaching". Rashbaum received a copy of said letter. By letter dated November 22, 1978, addressed to Weitzman, Rashbaum indicated his surprise at the content of Weitzman's letter and concluded: "I may only repeat at this time that your letter made no sense as, first of all, it was not consistent with the facts; secondly, the agreement was not only fair and reasonable but was of benefit to your clients, and I must advise you that I resent the content and tone of your letter." On January 4, 1979, a letter to Sigmund S. Weitzman, Esq., from the law secretary to Justice Sweeny, emphasized that vacating the stipulation required a motion to set aside the stipulation. By order dated May 21, 1979, Justice Sweeny granted plaintiffs' motion for an order directing all parties to abide by the terms of the stipulation entered into in open court on November 2, 1978, and further directed the parties to do all acts required to carry out the terms of said stipulation. This motion was opposed by appellant. The appeal by defendant Maureen A. Coan from the order dated May 21, 1979, was dismissed by this court based upon her failure to perfect the appeal. By order dated October 28, 1980, Justice Cerrato denied a motion by defendant Maureen A. Coan, by substitute counsel, to vacate and set aside the stipulation dated November 2, 1978. Said order concluded that the May 21, 1979 order of Justice Sweeny was "the law of the case" since there was no motion to reargue and the appeal therefrom was not timely perfected. There was no appeal from the order of October 28, 1980. On July 9, 1981, Justice Isseks adjudged Maureen A. Coan and the Turners in contempt based upon their failure to comply with the provisions of the order dated May 21, 1979 and imposed a fine of $250 upon each individually named defendant guilty of contempt, with leave to purge by compliance with the terms of the November 2, 1978 stipulation within a specified time. The order further provided that in the event any of the said named defendants failed to purge, the court would entertain an application pursuant to CPLR 5107 to allow the Sheriff of Orange County to convey real property in accordance with its directions and to appoint a surveyor in accordance with the stipulation of November 2, 1978. On this appeal, appellant argues that (1) without the consent of Mr. Weitzman, the entire stipulation is inoperative, and (2) the order dated May 21, 1979 is ambiguous, and an imprecise order cannot be the basis of a subsequent contempt adjudication. To adjudge a party in contempt, the mandate alleged to have been violated should be clearly expressed and it should appear with reasonable certainty that the act complained of constitutes a violation (*Cleary v Kenny Scow Corp.*, 57 AD2d 313). In order to determine whether the record supports the adjudication of appellant's contempt, a review of the order dated May 21, 1979 and of the stipulation is necessary. The failure to perfect the appeal filed by appellant from the May 21 order does not preclude our review of that order to determine whether it clearly expresses a mandate subject to contempt for its willful violation. This is so since neither the clarity of the mandate nor the contemptuous nature of the act complained of can be determined without such review. The substantive provisions of the stipulation are not in issue on this appeal. It was the appellant, through her former counsel, Rashbaum, who proffered the stipulation in open court, and she affirmed her understanding of and consent to the stipulation. The May 21,

1979 order, in clear, plain and unconditional language, made the stipulation binding upon all parties and ordered each of the parties to comply with the stipulation. Such order whether or not it modified the stipulation as to a future consent, is *res judicata* as to the appellant (see *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; cf. *O'Connor v G & R Packing Co.,* 74 AD2d 37, affd 53 NY2d 278). The stipulation did not require any further consent by the appellant; appellant's agreement to the stipulation was not conditioned upon the consent of Weitzman and the defendants represented by Weitzman have not appealed from the contempt order. Finally, we agree that the order under review properly determined that the appellant failed to comply with the order dated May 21, 1979. Titone, Lazer and Bracken, JJ., concur.

Cohalan, J., dissents and votes to reverse the order insofar as appealed from and to deny the motion to punish Maureen A. Coan for contempt, with the following memorandum, in which Damiani, J. P., concurs: On November 2, 1978 a stipulation was entered into, on the record in open court between certain of the parties in the instant matter. With one exception, the attorneys for plaintiffs and all answering defendants appeared on that day before Justice Sweeny, as directed by the Administrative Judge. The exception was Sigmund S. Weitzman, Esq., attorney for defendants Joseph Turner, Joseph Turner, Jr., Charles Turner and Marianne Turner. On five occasions during the discussion of the stipulation, reference was made to the necessity of obtaining Mr. Weitzman's approval before the stipulation became effective and binding on the parties. Thus, at the outset the court said: "It is the Court's understanding that you desire to put a stipulation on the record, although Mr. Weissman [*sic*] is not here. It is in accordance with what you had discussed in conference previously with him, *that he is to be able to approve the stipulation* once he appears and once you are able to get it to him. Is that the understanding?" (Emphasis supplied.) The attorney representing the contemnor, Maureen A. Coan, noted the names of the litigants represented by Mr. Weitzman and added: *"The stipulation is to be subject to his approval.* For some reason he is not here today." (Emphasis supplied.) Further, the court stated to all the litigants present: *"After the stipulation has been agreed upon by all of the attorneys* * * * I may have some questions I would like to ask you. * * * The Court also understands that Mr. Weissman [*sic*] is to be furnished with a copy of the transcript and also *you are supposed to have his consent; is that correct? * * * And it is all subject to his* [Weitzman's] *consent?"* (Emphasis supplied.) In each instance the response to the court's question was in the affirmative. Weitzman, by letter dated November 17, 1978, notified Justice Sweeny that he was not consenting to the stipulation. The court subsequently notified Weitzman that unless he moved on full papers on notice to all parties to set aside the stipulation, the court would consider Weitzman's clients bound by the stipulation. No such motion was made. On May 21, 1979, Justice Sweeny granted plaintiffs' motion for an order directing all parties to abide by the terms of the stipulation, and to do all acts to carry out its terms. Thereafter, there was an aborted appeal and motions and cross motions, all of which delayed further affirmative action until the order of July 9, 1981 herein appealed from, adjudging the appellant to be in contempt. In my view, the May 21, 1979 order, and the stipulation of November 2, 1978, were not proper mandates upon which to base an order punishing a party for contempt. "[A]s punishment for contempt involves, or may involve, not only loss of property but liberty, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated." (*Ketchum v Edwards,* 153 NY 534, 539; see, also, *Matter of Carlson v Podeyn,* 12 AD2d 810.) In most cases the court will construe the judgment or order strictly

and resolve any ambiguities in favor of the contemnor (5 Weinstein-Korn-Miller, NY Civ Prac, par 5104.15). At bar, appellant was not unreasonable in interpreting the stipulation, which was the basis of the May 21, 1979 order, as requiring the consent of Weitzman. The colloquy makes clear that it was subject to his approval. Without such approval, the stipulation cannot be viewed as binding on any of the parties. As such, the May 21, 1979 order requiring compliance with the stipulation, the existence and validity of which is at the least questionable, should not have been permitted to serve as the basis for a finding of contempt as determined in the order of July 9, 1981. The Draconian remedy of contempt could have been easily avoided by a court order pursuant to CPLR 5107, ordering the Sheriff to execute the necessary documents.