■ CITY OF POUGHKEEPSIE, Appellant, v GAETANO CAVALLARO et al., Respondents.—In an action to collect fines and penalties for violations of the City of Poughkeepsie Minimum Housing Standards Ordinance and the New York State Multiple Residence Law, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Hillery, J.), entered March 18, 1988, which granted its motion for judgment against the defendants only in the sum of $6,250, and (2) a judgment of the same court, entered May 6, 1988, which is in favor of the plaintiff and against the defendants in the sum of $6,250.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified by deleting therefrom the words, "the sum of $6,250" and substituting therefor the words, "the sum of $50,000"; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

This litigation involves the City of Poughkeepsie's attempt to collect fines and penalties imposed against the defendants' eight buildings for violations of the City of Poughkeepsie Minimum Housing Standards Ordinance (City of Poughkeepsie Code ch 12) and the State Multiple Residence Law.

The parties entered into two court-ordered stipulations which provided, in pertinent part, that unless the defendants, inter alia, performed certain work towards the correction of the violations and the rehabilitation of the buildings within certain specified time periods, the plaintiff would have the right to the entry of a judgment in the sum of $50,000, representing a fine. The time limitations in the second court-ordered stipulation were further extended by the Supreme Court. However, despite the further extension granted by the court, the defendants failed to completely perform the conditions listed in the second court-ordered stipulation, within the stipulated time limitations.

Nevertheless, the Supreme Court granted the plaintiff's motion to enter a money judgment against the defendants

only in the sum of $6,250 because the defendants had purportedly substantially performed their court-ordered obligations.

We find no basis in the record for the Supreme Court's refusal to assess against the defendants the requested $50,000 fine. The parties' agreements did not provide for "substantial performance," but strict compliance with the time limitations set forth therein. Further, the defendants offered no valid excuse for their failure to fully comply with the parties' agreements within the specified time limitations *(see, City of Poughkeepsie v Albano,* 122 AD2d 14). Mangano, J. P., Lawrence, Kunzeman and Eiber, JJ., concur.