■ In the Matter of JOHN R. SPINNENWEBER, Respondent, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Torraca, J.), entered December 19, 1988 in Ulster County, which denied respondent's motion to hold petitioner in civil and criminal contempt of court.

Petitioner owns property which borders the Hudson River in the Town of Esopus, Ulster County. To combat erosion, petitioner placed fill along the shoreline between the high and low water lines. As petitioner never obtained a permit for this activity, the Commissioner of Environmental Conservation, after a hearing, issued an order imposing penalties and required petitioner to submit a plan for removing the fill. When petitioner's proposal proved unacceptable, the Commissioner issued an order on June 7, 1984 delineating a restoration plan. Petitioner thereafter commenced a CPLR article 78 proceeding, which this court dismissed as untimely, to annul this second order *(see, Matter of Spinnenweber v New York State Dept. of Envtl. Conservation,* 120 AD2d 172). The matter was thereupon remitted to Supreme Court; upon remittal respondent's counterclaim seeking enforcement of the order was granted and petitioner was directed to "commence removing the fill pursuant to Paragraph III of the Commissioner's June 7, 1984 order".

A month after petitioner began removing the fill, one of the employees of respondent inspected the site and concluded that petitioner was not being faithful to Supreme Court's order.

Respondent then moved to have petitioner held in civil and criminal contempt, and also sought an injunction prohibiting petitioner from adding to the fill.

Supreme Court reviewed affidavits submitted on behalf of the parties, inspected the site, found petitioner in "apparent substantial compliance" with its order and denied respondent's motion in its entirety. The court also enjoined petitioner to apply to it for permission before placing any further cement, grout or other material on the fill. Claiming that the court's refusal to adjudicate petitioner in contempt was erroneous and that it improperly asserted review jurisdiction over the placement of any additional fill on the site, respondent brought the instant appeal.

Both civil and criminal contempt determinations require a finding that the court order, said to be defied, clearly and unequivocally expressed its mandate (*Matter of Department of Envtl. Protection v Department of Envtl. Conservation*, 70 NY2d 233, 240). Paragraph III of the Commissioner's order in pertinent part provides:

"III. [Petitioner] shall cause to be completed the following specific terms of [respondent's] restoration plan.

"A. Seaward of the pool, the top of the fill shall extend no more than 8 feet from the seaward edge of the pool structure.

"B. On the north and south sides of the pool, the top of the fill shall extend no more than 8 feet at the seaward edge. From these reference points, the surface of the fill may taper outward in an approximate 45 degree angle to intersect the original shoreline no more than 16 feet from the outer edge of the pool.

"C. *All remaining fill material shall be removed* and deposited where it will not wash back into the River.

"D. The outer edges of the fill surrounding the pool and the original shoreline, shall be protected with a riprap of suitable size sloped to a 2 (horizontal) or 1 (vertical)." (Emphasis supplied.)

Respondent contends that a mortared retaining wall, constructed to protect the fill, was part of "[a]ll remaining fill" which the Commissioner commanded petitioner to remove. For his part, petitioner maintains that the restoration plan did not require removal of the wall or prohibit its completion. Nowhere in the order is the retaining wall identified, nor is what the term "fill" was intended to embrace spelled out. Inasmuch as the order is susceptible of petitioner's construction, no civil or criminal contempt was occasioned by petition-

er's retention and completion of the mortared retaining wall *(see, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra,* at 241).

Respondent also urges that affidavits submitted by its employee establish that petitioner left fill in the river beyond that allowed. Although petitioner does not dispute this contention, he argues that because he removed more fill than respondent's expert anticipated would need to be removed, he has therefore complied with this directive. But Supreme Court's order, incorporating the Commissioner's administrative enforcement order, is clear and unequivocal that "[a]ll remaining fill" must be removed; there is no intimation that "substantial performance" will suffice *(see, e.g., City of Poughkeepsie v Cavallaro,* 154 AD2d 502). Petitioner's disobedience of the court's lawful mandate defeated, impaired, impeded or prejudiced respondent's right to have the littoral zone restored; hence, civil contempt was established and punishment is appropriate *(see, Commissioner of Labor of State of N. Y. v Hinman,* 103 AD2d 886, 887, *appeal dismissed* 64 NY2d 756; *see also,* 21 NY Jur 2d, Contempt, § 119, at 381).

Petitioner is not, however, guilty of criminal contempt, for there was no finding that he willfully and intentionally flouted Supreme Court's authority *(see,* Judiciary Law § 750 [A] [3]; *see also, Matter of Department of Envtl. Protection v Department of Envtl. Conservation, supra,* at 240); the absence of willfulness is effectively evidenced by the court's determination that petitioner substantially complied with its order. Nor is respondent entitled to a hearing on its contempt motion, for the affidavits presented no question of fact as to what petitioner accomplished *(see, Quantum Heating Servs. v Austern,* 100 AD2d 843, 844); rather, the parties dispute only whether what was done did indeed comply with the order *(cf., Ingraham v Maurer,* 39 AD2d 258, 260).

Finally, the provision in the order requiring petitioner to seek judicial approval before placing any further cement, grout or fill in the river cannot be sanctioned for it impermissibly interferes with respondent's authority to regulate the placement of fill in the State's waters *(see, Flacke v Onondaga Landfill Sys.,* 69 NY2d 355, 363; *see also,* ECL 15-0109, 15-0505).

Order modified, on the law, without costs, by (1) reversing so much thereof as denied the motion to hold petitioner in civil contempt, and (2) deleting the second decretal paragraph therein; motion to hold petitioner in civil contempt granted

and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision; and, as so modified, affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.