◼ Bayamon Steel Processors, Inc., Formerly Known as PR Steel Operating Company, Respondent, v John Platt, Appellant. [595 NYS2d 8] —Order and judgment (one paper), Supreme Court, New York County (Beatrice Shainswit, J.), entered November 12, 1991, which, inter alia, granted plaintiff's motion to hold defendant in civil and criminal contempt and directed him to cease competing with plaintiff's business, unanimously modified, on the law, to the extent of deleting the reference to Penal Law § 215.50, and substituting in its place and stead Judiciary Law § 750, and otherwise affirmed, with costs.

In light of defendant's knowledge of the unambiguous court orders of preliminary and permanent injunction, his unequivocal and repeated willful disobedience of said orders and the resulting prejudice to plaintiff as a result of defendant's intentional conduct, the trial court did not abuse its discretion in finding defendant in civil and criminal contempt *(Matter of McCormick v Axelrod,* 59 NY2d 574, *amended* 60 NY2d 652; *Matter of Department of Envtl. Protection v Department of Envtl. Conservation,* 70 NY2d 233). Indeed, the scheme by which defendant divorced his wife and transferred control of his business to her in order to circumvent the court-ordered injunctions evinces defendant's willful disregard of the court's order warranting a finding of criminal contempt.

Defendant's claim that the contempt order is vague is without merit. The order sufficiently apprises defendant of the

conduct which resulted in the finding of contempt, what conduct is forbidden and what defendant need do in order to attempt to purge himself of contempt.

Finally, we note that the order improperly but harmlessly refers to Penal Law § 215.50 since a violation of said section of the Penal Law is an indictable offense and defendant has not been indicted for such an offense. Accordingly, the reference in the order to Penal Law § 215.50 is deleted and in its place is substituted Judiciary Law § 750, the appropriate statute concerning criminal contempt.

We have considered all other claims and find them to be of no merit. Concur—Sullivan, J. P., Milonas, Asch and Rubin, JJ.