■ In the Matter of REBECCA O., Respondent-Appellant, v TODD P., Appellant-Respondent. (And 15 Other Related Proceedings.) [766 NYS2d 144] —Kane, J. (1) Cross appeals from an order of the Family Court of Washington County (Hemmett, Jr., J.), entered May 15, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for sole custody of the parties' child, and (2) appeal from an order of said court, entered May 31, 2001, which sentenced petitioner to 45 hours of community service for violating certain court orders.

In 1996, Family Court granted the parties joint legal custody of their son (born in 1994), with physical custody awarded to the mother. A 1998 modification to the order included a provision that the father's visitation would be suspended if he missed three consecutive visits. Such a suspension occurred when the father was incarcerated in January 1999. Upon his release from jail six months later, he filed a petition seeking to reinstate visitation, followed by a petition seeking sole custody. The mother filed a petition seeking sole custody and termination of the father's visitation. While these petitions were pending, and throughout the extensive and extended hearing,

numerous petitions were filed seeking custody, visitation or contempt for the other party's violation of court orders. The father became incarcerated between hearing dates and requested visitation at the county jail. Family Court denied this request for a temporary order. By order dated May 15, 2001, Family Court decided the 16 petitions before it by awarding sole legal and physical custody to the mother, denying the father visitation during the period of his incarceration, and finding the mother in willful violation of certain court orders. Both parties appealed. The court then held a hearing and sentenced the mother to a total of 45 hours of community service for her contempt. She filed a separate notice of appeal from the sentencing order. This Court has been informed that subsequent to the filing of the notices of appeal, on June 21, 2002, Family Court issued a consent order resolving 10 petitions by providing the father with set visitation. On November 21, 2002, after a hearing on seven new petitions, the court suspended all contact between the father and son.

Initially, the father's brief does not address his request for sole custody. The mother's brief does not address the contempt findings. Accordingly, those issues and the mother's separate appeal of the sentencing order are deemed abandoned (*see Matter of Senator NN.*, 305 AD2d 819, 820 [2003]).

The father filed petitions while this appeal was pending. The parties agreed upon a schedule of visitation which was incorporated into the consent order of June 21, 2002. Where a party commences new proceedings and specifically agrees to a new visitation schedule, appeals of prior orders on the same issues are rendered moot (*see Matter of Laurie BB. v Larry BB.*, 280 AD2d 709, 710 [2001]; *Matter of Baker v Ratoon*, 251 AD2d 921, 922 [1998]; *Matter of Ballard v Parker*, 232 AD2d 740, 741 [1996]). The denial of jailhouse visitation is also moot as the father apparently is no longer incarcerated.

To support a finding of civil contempt of court, "it must be determined that the party charged with the contempt had knowledge of and disobeyed a clear, explicit and lawful order of the court and that the offending conduct prejudiced the right of the opposing party" (*Matter of Daniels v Guntert*, 256 AD2d 940, 942 [1998]; *see Dwyer v De La Torre*, 279 AD2d 854, 855 [2001]). Contempt determinations will only be overturned if Family Court abused its discretion (*see Dwyer v De La Torre*, *supra* at 857). Of the four dismissed violation petitions the father raises in his brief, three were mainly supported through hearsay allegations or testimony which conflicted with that of other witnesses. On the remaining petition, the court found a

technical violation, but determined that there was no contempt because it was an emergency situation and there was no risk of harm to the child. Considering our deference to the trial court's determination on credibility issues, we cannot say that Family Court abused its discretion in finding that the petitions were not sufficiently supported by the evidence.

Crew III, J.P., Spain, Carpinello and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.