In the Matter of the PEOPLE OF THE STATE OF NEW YORK, by ELLIOT SPITZER, as Attorney General of the State of New York, Respondent, v GASTON HOOKS JR., Individually and Doing Business as JUSTICE FOR ALL DOCUMENT PREPARATION, MEDIATION AND LAWYER REFERRAL FIRM, Appellant. [883 NYS2d 378]—

Rose, J. Appeal from an order and judgment of the Supreme Court (Giardino, J.), entered September 10, 2004 in Schenectady County, which, in a proceeding pursuant to Executive Law § 63 (12), granted petitioner's motion to hold respondent in civil and criminal contempt.

Respondent was the operator of a paralegal and document preparation business who, in a proceeding pursuant to Executive Law § 63 (12) and General Business Law § 349, was accused in 1999 of repeated deceptive and fraudulent practices. Following respondent's default, Supreme Court (Caruso, J.) is-

sued a judgment imposing substantial monetary penalties and permanently enjoining him from providing paralegal and document preparation and filing services. In 2000, petitioner applied to have respondent held in contempt for violating this injunction. The parties ultimately stipulated to a court order in 2001 that found respondent guilty of civil contempt, sentenced him to 60 days in jail, continued the terms of the earlier injunction and added the provision that respondent was prohibited from engaging in a similar business "in any capacity whatsoever." Soon thereafter, petitioner began receiving further consumer complaints about respondent's deceptive and fraudulent practices in a similar business, and ultimately applied in 2004 to have him again held in contempt. In an affidavit opposing that application, respondent alleged that he had ceased doing paralegal and document preparation work, and denied accepting a fee from, or providing such advice to, consumers. He did acknowledge, however, that he worked as an "informational receptionist," notary and process server for such a business now operated by his daughter. Without conducting a hearing, Supreme Court (Giardino, J.) found respondent to be in both civil and criminal contempt, and imposed fines totaling $40,000 based upon the number of consumers harmed by the practices of the business.

Respondent appeals, contending that he is entitled to a hearing. We disagree, however, as a hearing is required only where the alleged contemnor raises a question of material fact by submitting evidence directly contradicting the allegations of the contempt application (see *Matter of Brown v Mudry*, 55 AD3d 828, 829 [2008]; *Snyder v Snyder*, 39 AD3d 1281, 1282 [2007]; *Cashman v Rosenthal*, 261 AD2d 287, 287 [1999]; *Bowie v Bowie*, 182 AD2d 1049, 1050 [1992]; *Matter of Spinnenweber v New York State Dept. of Envtl. Conservation*, 160 AD2d 1138, 1140 [1990]; *compare Ingraham v Maurer*, 39 AD2d 258, 260 [1972]). Here, although respondent did deny some of petitioner's allegations, he admitted that he had been enjoined from engaging in the paralegal and document preparation business "in any capacity whatsoever" and did not deny that, at the times in question, he was working for such a business. Based on those undisputed facts, Supreme Court's summary adjudication was proper (see *Sassower v Sheriff of Westchester County*, 824 F2d 184, 189-190 [2d Cir 1987]; *Matter of Garbitelli v Broyles*, 257 AD2d 621, 622 [1999]; *Bowie v Bowie*, 182 AD2d at 1050-1051).

Similarly unavailing is respondent's further contention that petitioner did not establish his willful violation of the injunctions against him. The record reveals that, despite the clear

mandates of Supreme Court (*see McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *Beneke v Town of Santa Clara*, 61 AD3d 1079, 1080-1081 [2009]), respondent repeatedly violated them and now seeks to avoid the consequences of his actions by merely disavowing that he personally counseled or received fees from the complaining consumers. We cannot view his admitted actions as other than willful and as supporting the findings of criminal as well as civil contempt beyond a reasonable doubt (*see Soho Alliance v World Farm*, 300 AD2d 22, 22 [2002]; *Ferraro v Ferraro*, 272 AD2d 510, 512 [2000]; *Bayamon Steel Processors v Platt*, 191 AD2d 249, 249 [1993]).

Finally, we find no error in Supreme Court's imposition of the maximum fine under Judiciary Law § 751 (4). Penalties for criminal contempt are punitive—designed to deter the contemnor where, as here, the court's mandate alone has proven ineffective (*see State of New York v Unique Ideas*, 44 NY2d 345, 349 [1978]; *see generally Matter of Rubackin v Rubackin*, 62 AD3d 11, 16-19 [2009]). While respondent denies personally receiving any money from the eight consumers whose complaints prompted these contempt proceedings, he does not deny that they each paid substantial fees to the business for which he worked and were deceived and defrauded by his employer. Thus, the record provides sufficient evidence supporting Supreme Court's exercise of its statutory discretion in computing the amount of the fine needed to accomplish the goal of deterrence (*see Labanowski v Labanowski*, 4 AD3d 690, 696 [2004]).

Cardona, P.J., Spain, Kane and Garry, JJ., concur. Ordered that the order and judgment is affirmed, without costs.