■ Town of Copake, Respondent, v 13 Lackawanna Properties, LLC, et al., Appellants. [900 NYS2d 508]—

Mercure, J. Appeal from an order of the Supreme Court (Nichols, J.), entered June 12, 2009 in Columbia County, which granted plaintiff's motions to hold defendants in civil and criminal contempt.

Defendant Salvatore Cascino is the owner of defendant 13 Lackawanna Properties, LLC and defendant Copake Valley Farm, LLC, the entities which, respectively, own and operate a 310-acre farm located in the Town of Copake, Columbia County. Plaintiff alleges that defendants are primarily engaged in the business of hauling solid waste and trash—including garbage, refuse and demolition debris—and that they dump this waste on the farm property. In a prior action, the parties entered into a stipulation of settlement providing that defendants would use the farm property for agricultural purposes only, apply for and obtain permits from plaintiff prior to commencing any construction on the parcel, and restore certain areas of the property as required by the Department of Environmental Conservation. Plaintiff commenced this action in 2006, seeking to enjoin defendants from violating its Zoning Law and Solid Waste Law.

Upon plaintiff's motion, Supreme Court issued a temporary restraining order (hereinafter TRO) prohibiting "all further

construction and/or excavation . . . [and the] depositing [of] any materials of any type upon the premises." The TRO was twice amended to permit defendants to engage in limited farming activities on 41 acres of the property with advance notice to plaintiff, and to comply with a consent decree issued in connection with a separate action commenced by the Department of Environmental Conservation to compel wetlands restoration on the premises. Thereafter, plaintiff moved twice to hold defendants in civil and criminal contempt, alleging that defendants had, among other things, proceeded with the construction of a farm stand and 10-foot high stone wall without a permit, and deposited fill material and wood pallets on the premises. Supreme Court granted plaintiff's motions and imposed fines and a suspended sentence of incarceration. In addition, the court directed defendants to remove the stone wall and materials deposited on the property, and cease further construction of the farm stand. Defendants appeal, and we now affirm.

In order "[t]o sustain a finding of either civil or criminal contempt based on an alleged violation of a court order[,] it is necessary to establish that a lawful order of the court clearly expressing an unequivocal mandate was in effect[,] . . . that the order has been disobeyed" and that the charged party "had knowledge of the court's order" (*Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 240 [1987]; *see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983], *amended* 60 NY2d 652 [1983]). The same act may constitute both criminal and civil contempt; "the element which escalates a contempt to criminal status is the level of willfulness associated with the conduct" (*McCain v Dinkins*, 84 NY2d 216, 226 [1994]; *see* Judiciary Law § 750 [A] [3]; *Matter of McCormick v Axelrod*, 59 NY2d at 583). Moreover, criminal contempt must be proven beyond a reasonable doubt (*see Matter of People v Hooks*, 64 AD3d 1075, 1077 [2009], *lv dismissed* 13 NY3d 815 [2009]). Civil contempt, in contrast, must be proven by clear and convincing evidence, and requires a showing that the rights of a party have been prejudiced (*see McCain v Dinkins*, 84 NY2d at 226; Judiciary Law § 753 [A] [3]; *Automated Waste Disposal, Inc. v Mid-Hudson Waste, Inc.*, 50 AD3d 1073, 1074 [2008]).

Here, contrary to defendants' arguments that the order was vague and ambiguous, the TRO expressed a clear and unequivocal mandate prohibiting "all further construction and/or excavation . . . [and the] depositing [of] any materials of any type upon the premises." Furthermore, plaintiff presented the testimony of several individuals and numerous photographs

demonstrating that defendants willfully and openly flouted the explicit directives of the TRO. While defendants assert that their activities came within the modifications of the TRO permitting farming and restoration of wetlands or were required by exigent circumstances, Supreme Court flatly rejected the testimony in this regard as lacking in veracity, and that credibility determination must be accorded deference (*see Matter of Carol S. [Christine T.—Mary AA.]*, 68 AD3d 1337, 1338 [2009]; *Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 984 [2003]). In any event, plaintiff demonstrated that the work was beyond the scope of that permitted by the modifications. In our view, the evidence established beyond a reasonable doubt that defendants willfully violated the TRO and caused prejudice to plaintiff by frustrating plaintiff's ability to enforce its public health and safety laws. Thus, Supreme Court did not abuse its discretion either in finding civil and criminal contempt or in the penalties imposed (*see Matter of People v Hooks*, 64 AD3d at 1076-1077; *Beneke v Town of Santa Clara*, 61 AD3d 1079, 1080-1081 [2009]; *Matter of Spinnenweber v New York State Dept. of Envtl. Conservation*, 160 AD2d 1138, 1140 [1990]; *Moran v Village of Philmont*, 147 AD2d 230, 234-235 [1989], *lv dismissed* 74 NY2d 943 [1989]; *cf. Aison v Hudson Riv. Black Riv. Regulating Dist.*, 54 AD3d 457, 458-459 [2008]).

Defendants' remaining arguments are either not properly before us or, upon consideration, have been found to be lacking in merit.

Cardona, P.J., Spain, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, without costs.