*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                    517255
_____

In the Matter of STUART LL.,
                    Respondent,

        v                                    OPINION AND ORDER

AIMEE KK.,
                    Appellant.
_____

Calendar Date:  September 2, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

                    _____


        Larkin, Axelrod, Ingrassia, Brown & Tetenbaum, LLP,
Newburgh (Andrew H. Baginski of counsel), for appellant.

        MacCartney, MacCartney, Kerrigan & MacCartney, Nyack
(William K. Kerrigan of counsel), for respondent.

                    _____


Lahtinen, J.P.

        Appeal from an order of the Family Court of Sullivan County
(McGuire, J.), entered August 8, 2013, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 8,
to hold respondent in willful violation of a prior order of
protection.

        The contentious breakup of the parties' relationship
resulted in Family Court ordering each party, in September 2012,
to, among other things, refrain from any communication with the
other party for two years.  Respondent thereafter attempted on
several occasions to call petitioner at his various phone
numbers.  This proceeding ensued and, at the hearing, proof
included documentation and a witness from the phone company
establishing calls made during the time the protective order was

in effect from respondent's phone to petitioner's phones.  Family
Court further found credible relevant proof presented by
petitioner and a lack of credibility as to respondent's pertinent
proof.  Family Court determined that clear and convincing
evidence established that respondent had willfully violated the
order of protection and, among other things, ordered a mental
health evaluation and sentenced her to 75 days in jail.  She had
reportedly served 11 days of her sentence when we granted a stay
pending this appeal.[1]

Respondent challenges neither Family Court's determination
that she violated the September 2012 order nor that part of the
court's disposition that did not involve incarceration.  However,
she argues that the aspect of the disposition that sentenced her
to a definite term of incarceration as a punitive remedy was
error since Family Court did not make its finding of willfulness
by the standard of beyond a reasonable doubt.  Case law has not
been consistent regarding the level of proof when considering an
alleged willful violation of a protective order (see e.g. Matter
of Rubackin v Rubackin, 62 AD3d 11, 20-21 [2009] [discussing
standards employed in various cases]).  This inconsistency may be
due in part to the statutory silence as to the quantum of proof
(see Family Ct Act § 846-a [stating that the court must be
satisfied by "competent proof"]), as well as the fact that, like
other statutes implicating contempt, a Family Ct Act article 8
proceeding can involve civil contempt, criminal contempt or both
(see McCain v Dinkins, 84 NY2d 216, 226 [1994]; Matter of
McCormick v Axelrod, 59 NY2d 574, 582-583 [1983]; Matter of
Rubackin v Rubackin, 62 AD3d at 21).  Criminal and civil contempt
have different levels of proof as "criminal contempt must be
proven beyond a reasonable doubt," whereas "civil contempt . . .
must be proven by clear and convincing evidence" (Town of Copake
v 13 Lackawanna Props., LLC, 73 AD3d 1308, 1309 [2010]).

---

[1]  Although the notice of appeal was from the order of
commitment which was entered before the underlying order of fact-
finding and disposition, we exercise our discretion to treat the
notice as validly from the underlying order (see CPLR 5520 [c]).

Where, as here, a person who has violated an order of protection is incarcerated as a punitive remedy for a definite period – with no avenue to shorten the term by acts that extinguish the contempt – then that aspect of the Family Ct Act article 8 proceeding "is one involving criminal contempt [and] [t]he standard of proof that must be met to establish that the individual willfully violated the court's order is beyond a reasonable doubt" (Matter of Rubackin v Rubackin, 62 AD3d at 21; see Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 846-a, at 346).  Our cases indicating otherwise should no longer be followed.  Although Family Court did not articulate the correct standard of proof, our review of the record – including documentary evidence and testimony found credible by Family Court – reveals proof of a willful violation beyond a reasonable doubt (see Matter of Rubackin v Rubackin, 62 AD3d at 22; see also Town of Copake v 13 Lackawanna Props., LLC, 73 AD3d at 1310).

Nonetheless, under the particular circumstances of this case, we find that a sentence of time served with the remaining days of respondent's sentence suspended is appropriate, provided that respondent complete within 30 days – if not already completed – the ordered mental health evaluation and otherwise comply with Family Court's order (see Family Ct Act § 846-a; Matter of Barbara O., 252 AD2d 761, 762 [1998]; see also Matter of Ahituv v Ahituv, 3 AD3d 531, 531 [2004]; Matter of Thompson v Thompson, 30 AD2d 811, 811 [1968]).

Stein, McCarthy, Rose and Devine, JJ., concur.

ORDERED that the order is modified, on the law, without costs, to provide that the remaining days of respondent's sentence of 75 days shall be suspended provided that she complete, within 30 days of the date of this Court's decision, the ordered mental health evaluation and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court