OPINION OF THE COURT
Victor G. Grossman, J.
Before the court is an application to hold defendant in contempt. The motion is unopposed. On the return date of the instant motion, plaintiffs counsel advised the court, in writing, that defendant sought relief pursuant to chapter 7 of the United States Bankruptcy Code. Although defendant’s counsel was engaged before another judge, defendant, in court, acknowledged the filing. Defendant’s counsel also notified the court, in writing, of the chapter 7 petition and annexed a copy of the notice of the chapter 7 bankruptcy case. Defendant’s counsel asserted that, as a result of the filing, an automatic stay of the instant proceeding arises by operation of federal law. Plaintiff asserted the right to proceed on the theory that the automatic stay created by the bankruptcy filing contains an exception for the commencement or continuation of a criminal action or proceeding against the debtor under 11 USC § 362 (b) (1) and does not affect a proceeding seeking to hold defendant in criminal contempt pursuant to Judiciary Law § 750 (A) (3). The court invited plaintiff to submit authority on the issue, and plaintiff’s counsel has done so. Defendant has not made any further submissions.
By way of background, plaintiff commenced an action against defendant to recover money damages in the amount of *863 $275,000, alleging conversion, fraud, breach of contract, unjust enrichment and quantum meruit. Defendant failed to interpose an answer. On July 24, 2014, the court held an inquest on damages, and after that inquest, the court signed a judgment, awarding plaintiff the sum of $275,665. That judgment was entered on August 4, 2014, and was served on defendant on August 6, 2014. Thereafter, plaintiff sought an order directing defendant to turn over to plaintiff or to the Putnam County Sheriff certain motor vehicles titled in his name and in his possession, custody, or control, and to execute all necessary documents to effectuate delivery and transfer of title to plaintiff or the Sheriff, and also to prohibit the use, transfer or disposition of the vehicles, except as requested, pending further order of the court. Defendant cross-moved to vacate his default judgment.
On June 30, 2015, the court denied defendants’ motion and granted plaintiff the following relief:
“ORDERED that Plaintiff’s motion is granted, except to the extent that portion of his application for attorneys’ fees and sanctions is denied; and it is further
“ORDERED that Ciano must deliver the 2005 Mercedes Benz (VIN No. WDBNG74J55A450840), and the 2006 Chevrolet Corvette (VIN No. 1G1YY26E665133523), to Plaintiff or the Putnam County Sheriffs Department; and it is further
“ORDERED that if Ciano cannot deliver the vehicles within twenty (20) days of entry of this Order, Ciano must execute and deliver any document or instrument necessary to effectuate the transfer and/or delivery of the 2005 Mercedes Benz (VIN No. WDBNG74J55A450840), and the 2006 Chevrolet Corvette (VIN No. 1G1YY26E665133523), within ten (10) days of entry of [t]his Order; and it is further
“ORDERED that Defendant is prohibited from the use or the removal of the above-referenced motor vehicles from the County of Putnam, State of New York, or from being transferred, used, sold, pledged, assigned or otherwise disposed of or permitted to become subject to any security interest or lien, until further Order of this Court; and it is further
*864 “ORDERED that any non-compliance with this Order shall be punishable as contempt of this Court.”[1]
Defendant was served with a copy of the order on July 8, 2015. Defendant has not complied with this court’s June 30, 2015 order. Plaintiff now seeks to hold defendant in civil and criminal contempt, as well as to direct the Putnam County Sheriff to seize the vehicles. Plaintiff is also seeking attorneys’ fees. Plaintiff believes incarceration of defendant is not only appropriate, but also necessary, in response to defendant’s failure to obey this court’s directives.
This relatively simple factual recitation raises three issues which must be resolved: (1) whether this court can proceed in light of the automatic stay; (2) whether the violation of the order directing the turnover of the automobiles constitutes a criminal contempt of court, or a civil contempt of court, or both; and (3) if the court can proceed, and a civil or criminal contempt is found, what is the proper remedy?
Turning to the issue of whether this court can proceed in light of the automatic stay, it is apparent that the issue, as framed, is only the tip of the iceberg. This court’s jurisdiction over defendant is not in dispute, but whether the court’s power to act is limited by the bankruptcy filing is in dispute. The court always has jurisdiction to determine its own jurisdiction. (See Hilsen v Hilsen, 161 AD2d 459 [1st Dept 1990], Iv denied 76 NY2d 714 [1990].) The filing of the bankruptcy petition operates as a stay of a civil proceeding against a debtor, but “[t]he filing of a petition . . . does not operate as a stay . . . under subsection (a) . . . of the commencement or continuation of a criminal action or proceeding against the debtor.” (11 USC §362 [b] [1].)
The issue of whether a contempt application under the Judiciary Law is a criminal proceeding is a matter of state law, and New York courts have answered this question in the affirmative. (Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 240 [1987].) The overlap in the language and requirements of Judiciary Law § 750 (A) (3) and (4) and Penal Law § 215.50 (3) (criminal contempt in the second degree) support this determination. “The definition of ‘criminal contempt’ under the Judiciary Law and as specified in the Penal Law’s crime of ‘criminal contempt in the second degree’ [Penal Law *865 § 215.50] are in key respects substantially the same, although the methodology of the imposition of one or the other differs markedly.” (See William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Penal Law § 215.50.) A person is guilty of criminal contempt upon a finding of intentional disobedience or resistance to the lawful process or other mandate of a court. (See Penal Law § 215.50 [3].) However, criminal contempt under the Judiciary Law requires a finding of wilfulness, and the violation of a lawful mandate of the court. Matter of McCormick v Axelrod (59 NY2d 574, 582-583 [1983]) recognizes:
“Civil contempt has as its aim the vindication of a private right of a party to litigation and any penalty imposed upon the contemnor is designed to compensate the injured private party for the loss of or interference with that right (State of New York v Unique Ideas, 44 NY2d 345). Criminal contempt, on the other hand, involves vindication of an offense against public justice and is utilized to protect the dignity of the judicial system and to compel respect for its mandates (King v Barnes, 113 NY 476). Inasmuch as the objective is deterrence of disobedience of judicial mandates, the penalty imposed is punitive in nature (State of New York v Unique Ideas, supra). Although the line between the two types of contempt may be difficult to draw in a given case, and the same act may be punishable as both a civil and a criminal contempt, the element which serves to elevate a contempt from civil to criminal is the level of willfulness with which the conduct is carried out (compare Judiciary Law § 753, subd A, par 3 [civil contempt], with id., § 750, subd A, par 3 [criminal contempt]; see, e.g., Sentry Armored Courier Corp. v New York City Off-Track Betting Corp., 75 AD2d 344).”
“[T]he element which escalates a contempt to criminal status is the level of willfulness associated with the conduct.” (McCain v Dinkins, 84 NY2d 216, 226 [1994]; Judiciary Law § 750 [A] [3].) Moreover, criminal contempt must be proved beyond a reasonable doubt whereas civil contempt, in contrast, must be proved by clear and convincing evidence. (McCain v Dinkins at 226; Judiciary Law § 753 [A] [3]; Matter of People v Hooks, 64 AD3d 1075 [3d Dept 2009], Iv dismissed 13 NY3d 815 [2009].) Criminal contempt does not require a showing of impairment *866 of the rights of a private party, although such impairment may be present. Perhaps, most important, is that criminal contempt is designed to vindicate the authority of the court and may not be purged, while a civil contempt is designed to address private rights and may be purged. (People v Leone, 44 NY2d 315 [1978].)
Here, the parties’ rights in the underlying litigation have been heard and determined in the judgment containing the award of damages to plaintiff. The judicial mechanism to enforce that determination includes the mandate to turn over the vehicles.[2] Defendant, despite due notice of the order, has failed to comply with it. The order directing the turnover of the vehicles to plaintiff has, at its root, the vindication of the private right previously adjudicated between the parties. The failure to deliver the vehicles to the Sheriff raises a different issue as the Sheriff is in a position to preserve the property until the available remedies, including remedies under the Bankruptcy Code, are determined. Instead, defendant chose to ignore the order, rather than comply with it, or challenge it, in complete derogation of this court’s authority.
The issue before the court is one of willfulness. A copy of the June 30, 2015 order with notice of entry was mailed on July 8, 2015 to the same post-office box utilized by defendant as his mailing address on the August 21, 2015 bankruptcy petition. It is also the same address that appears on his New York State driver’s license, a copy of which was attached as an exhibit to his affidavit filed on July 2, 2015. Thus, the court can fairly conclude that defendant received a copy of the order to show cause, containing the directions to surrender the vehicles and execute the necessary transfer documents to plaintiff or the Putnam County Sheriff. He did neither. Rather, he failed to comply with the lawful procedure to enforce a judgment, which was never appealed, after the parties’ rights and interests had been determined by this court.
The court concludes it is not limited by the automatic stay created by 11 USC § 362. Plaintiff’s request to hold de *867 fendant in criminal contempt constitutes the “commencement or continuation of a criminal action or proceeding against the debtor” within the meaning of 11 USC § 362 (b) (1). That alleged contempt arises from defendant’s failure to comply with the June 30, 2015 order, which was served on defendant by mail on July 8, 2015, and which provided defendant 20 days to deliver the vehicles or, if he could not, 10 days to execute and deliver all necessary title documents. Defendant took no action until well past the deadline when he filed the bankruptcy petition. Notably, defendant’s default in responding to the contempt motion is not a basis to hold him in contempt, as plaintiff would hope. Rather, the default in appearing, and the failure to challenge the relief sought and the basis for it, enables the court to accept the factual allegations as true, but no more.
The court acknowledges some friction in the civil/criminal contempt application. Had defendant complied with the order, prior to the bankruptcy filing, plaintiff would have achieved some relief that he could not obtain after the filing. The goal or purpose of a criminal contempt finding is to vindicate the authority of the court, not to satisfy a judgment creditor. (King v Barnes, 113 NY 476 [1889].) Moreover, such an order, if complied with after the bankruptcy filing, might create a confrontation with the automatic stay unless additional relief was obtained in the Bankruptcy Court. Plaintiff is limited to that relief once the chapter 7 proceeding is filed. In other words, the automatic stay prevents civil enforcement of the judgment debt, but does not prevent remedies for the injury to the power and dignity of the court. The alternative relief in the order of delivering the vehicles to the Sheriff at this point would still require further proceedings that would be limited by the automatic stay. While defendant has frustrated plaintiff’s rights to recover on his judgment, the actions of defendant in choosing to ignore this court’s order are not without remedy.
Defendant’s refusal to turn over the vehicles can be punished as a criminal contempt. Under Judiciary Law § 751, the maximum penalty for a finding of criminal contempt is a fine of $1,000 or 30 days in jail. That is a relatively high price to pay for a person who complies with the law, but it is a relatively small price to pay for someone who flouts the legal process except when he uses that same process to avoid his obligations.
Here, the testimony at the inquest revealed a continuing effort to extract money from plaintiff under the guise of an *868 investment, which succeeded for some time. From plaintiff’s inquest testimony, it was apparent that defendant’s efforts walked a narrow line between an investment scheme and a scam. Defendant’s motion to vacate, offering explanations for his default and claimed lack of service were hollow, self-serving, and tailored to the goal he sought.[3] He has offered no excuse for his failure to comply with this court’s order, and he has ignored the instant application, where some defense, if it existed, could be offered. Instead, he ran to the Bankruptcy Court, hoping for a “fresh start,” while leaving a trail of default and contempt behind him.
Although defendant’s default in appearing on the contempt motion, except to advise the court of the bankruptcy filing, might negate the need for a hearing on the issue, the court nonetheless will hold a hearing.
As such, the parties are directed to appear on November 6, 2015 at 10:30 a.m. for a hearing.

. The court notes that the 2006 Chevrolet Corvette is not listed on defendant’s chapter 7 petition.

. In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed. (See e.g. Pereira v Pereira, 35 NY2d 301, 308 [1974]; Matter of Spector v Allen, 281 NY 251, 259 [1939]; Ketchum v Edwards, 153 NY 534, 539 [1897]; Coan v Coan, 86 AD2d 640, 641 [2d Dept 1982], appeal dismissed 56 NY2d 804 [1982].)

. See the decision and order herein, dated June 30, 2015.