Anthony Partners LLC v Mici (2026 NY Slip Op 00003)

Anthony Partners LLC v Mici

2026 NY Slip Op 00003

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Webber, J.P., Friedman, Mendez, Shulman, Hagler, JJ. 

Index No. 813158/24|Appeal No. 5486-5487|Case No. 2024-06926, 2025-04694|

[*1]Anthony Partners LLC, Respondent,
vAleksander Mici, et al., Appellants.

Rocco Vozza, Bronx, for appellants.
Rosenberg & Steinmetz PC, Valley Stream (Rachelle Rosenberg of counsel), for respondent.

Order, Supreme Court, Bronx County (Erik L. Gray, J.), entered on or about October 18, 2024, which granted plaintiff's motion to hold defendants in civil and criminal contempt for violating a temporary restraining order, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about September 25, 2024, which granted plaintiff's motion for a declaratory judgment, an assessment of damages, and a preliminary injunction to the extent of issuing the preliminary injunction, unanimously dismissed, without costs, as abandoned.
By order entered on or about August 21, 2024, Supreme Court (Ben R. Barbato, J.) issued a temporary restraining order prohibiting defendants, pending a hearing, from "interfering with and/or removing" a sidewalk shed that plaintiff had installed at the front of the parties' properties. The court directed its order to be served on defendants by "overnight mail" at two addresses in the Bronx. An affidavit of service indicates that on August 22, 2024, the order was sent to those addresses, "enclosed in properly addressed, Federal Express standard overnight envelopes" and "deposited in an official Federal Express depository." Plaintiff's counsel also emailed a copy of the order to defendant Aleksander Mici. Mici concedes that he dismantled the sidewalk shed on August 24, 2024.
Supreme Court providently exercised its discretion in finding defendants in civil and criminal contempt of the August 21, 2024 order. The record shows that defendants were aware of the temporary restraining order, and that Mici unequivocally and willfully disobeyed it (see Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983], amended 60 NY2d 652 [1983]; Bayamon Steel Processors v Platt, 191 AD2d 249, 249 [1st Dept 1993]). Additionally, defendants' intentional conduct resulted in prejudice to plaintiff (see Bayamon Steel Processors, 191 AD2d at 249).
We reject defendants' argument that Mici did not know about the temporary restraining order when he dismantled the sidewalk shed. The record shows that plaintiff properly served the order on August 22, 2024 by overnight mail, in accordance with Supreme Court's August 21, 2024 order, and we decline to disturb the court's finding of proper service (see Kozel v Kozel, 161 AD3d 699, 700 [1st Dept 2018], lv dismissed 32 NY3d 1089 [2018]; Arrufat v Bhikhi, 101 AD3d 441, 442 [1st Dept 2012]). We also decline to consider evidence submitted by defendants purportedly showing that the overnight mail was not delivered to them, as that evidence is outside the record (see Becker v City of New York, 249 AD2d 96, 98 [1st Dept 1998]). In any event, Mici had actual knowledge of the temporary restraining order, as plaintiff's counsel emailed it to him (see Matter of McCormick, 59 NY2d at 583).
Defendants do not address the merits of the preliminary injunction imposed by the September 2024 order. Therefore, defendants' appeal from that order is deemed abandoned (see De Luca v De Luca, 241 AD3d 1146, 1149 [1st Dept 2025]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026