Matter of N47 Assoc. LLC v Jemsco Realty LLC (2026 NY Slip Op 00092)

Matter of N47 Assoc. LLC v Jemsco Realty LLC

2026 NY Slip Op 00092

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 159215/20|Appeal No. 5592|Case No. 2023-06362|

[*1]In the Matter of N47 Associates LLC, Respondent,
vJemsco Realty LLC, Appellant.

Gordon & Haffner, LLP, Harrison (Steven R. Haffner of counsel), for appellant.
Rivkin Radler LLP, New York (Cheryl F. Korman of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about October 23, 2023, which granted petitioner's motion to hold respondent in civil contempt, unanimously affirmed, with costs.
Petitioner established by clear and convincing evidence that respondent failed to abide by the December 18, 2020 interim order authorizing petitioner to remove items from the east wall of respondent's building (see Parada v Herron, 223 AD3d 532, 533 [1st Dept 2024]). Accordingly, Supreme Court providently exercised its discretion in finding respondent in civil contempt, in light of respondent's knowledge of the interim order, which was affirmed by this Court (N47 Assocs. LLC v Jemsco Realty LLC, 205 AD3d 619 [1st Dept 2022]), its willful disobedience of the order, and the resulting prejudice to petitioner as a result of respondent's disobedience (see Bayamon Steel Processors v Platt, 191 AD2d 249, 249 [1st Dept 1993]).
Respondent's objections to the terms of the order, even if held in good faith, did not excuse its noncompliance; its remedy was to seek relief from the court (see Matter of Samaritan-Compass VI Hous. Dev. Fund Corp. v 1293-95 Rodman LLC, 217 AD3d 589, 589 [1st Dept 2023]; Peters v Sage Group Assoc., 238 AD2d 123, 123 [1st Dept 1997]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026